UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

BAYAM GROUP, INC. d/b/a BAYAM
JEWELRY,

               Plaintiff,

    -against-                                No. 22 Civ. 8910 (CM)

ID TECH, LLC d/b/a FROST NYC,

               Defendant.

-------------------------------------------------------------x

## ORDER

McMahon, J.:

     Plaintiff Bayam Group, Inc. ("Bayam") and Defendant ID Tech, LLC ("ID Tech") are two similar New York online jewelry businesses. (Compl. ¶¶ 8–9, Dkt. No. 1; Bayam Decl. ¶¶ 14–16, Dkt. No. 5). Both sell similar jewelry, which is supplied by many of the same vendors and wholesalers. (Bayam Decl. ¶ 15). Both market to similar types of customers. (Bayam Decl. ¶ 16) Both post their websites on website hosting company Shopify and other, similar platforms. (Bayam Decl. ¶¶ 6–7).[1]

     But ID Tech thinks that Bayam's website is too similar. It claims that Bayam "has been studying [it] from the inside out," (Compl. Ex. 1, 16), and that Bayam's web pages – or unspecified portions thereof – were copied directly from ID Tech's web pages. (Affs. of Arthur Ilyayev ¶¶ 14–17, Dkt. No. 19).

     For years, ID Tech has waged a campaign to shut down its competitor's web pages through lawsuits and Digital Millennium Copyright Act ("DMCA")[2] takedown notices. ID Tech has filed two prior actions alleging that Bayam violated its copyrights in the design of its website and its "product catalog," which is essentially a compendium of all the web pages on which Defendant advertises its wares. (Aff. of Nison Kaykov ¶ 2, Dkt. No. 19-1). The first action, *ID Tech d/b/a Frost NYC, et al. v. Bayam Group, Inc. d/b/a Bayam Jewelry, et al.*, Civil Action No. 1:19-cv-8439 (filed Aug. 22, 2019) (VF) ("*ID Tech I*"), which is pending for all purposes before the Honorable Valerie Figuredo, asserts claims of false designation of origin, trade dress infringement, injury to business reputation, and copyright infringement in a variety of products, including specifically some chains that are also the subject of this action. The second action, *ID*

---

[1] At the hearing on the Application for Order to Show Cause and Temporary Restraining Order, on Thursday, October 21, 2022, Defendant stated that it also uses Shopify website templates and designs to create its website.

[2] Digital Millennium Copyright Act of 1998, 17 U.S.C. § 512 *et seq.*

*Tech LLC d/b/a Frost NYC v. Bayam Group, Inc. d/b/a Bayam Jewelry, et al.*, Civil Action No.
1:22-cv-8454 (filed Oct. 4, 2022) (CM) ("*ID Tech II*"), before me, asserted claims of copyright
infringement and unfair competition in the approximately 123 web pages that are the subject of
the DMCA takedown notices, the filing of which led directly to the commencement of this
action.

Since 2019, ID Tech has also sent multiple DMCA takedown notices to Shopify. (Bayam
Decl. ¶¶ 18–19). In these notices, it asked Shopify to disable specific Bayam's web pages that
allegedly infringed its copyright.  (*Id.*). Just prior to the filing of *ID Tech II*, in late September
2022, ID Tech sent two more DMCA takedown notices to Shopify. (Bayam Decl. ¶¶ 22, 25). As
a result, Shopify took down Bayam web pages for approximately 123 products. (*Id.*). Bayam
protested this action, but as ID Tech had filed a copyright infringement suit, *ID Tech I*, Shopify
had no choice but to keep the web pages off-line, as required by 17 U.S.C. § 512(g)(2)(C).
Shopify also warned Bayam that, as a repeat offender, it risked having all of its content barred by
Shopify. (Bayam Decl. ¶ 45).

Bayam denies that it copied any element of ID Tech's website and insists that it is the
victim of ID Tech's business practice of bullying and intimidating its competitors with legal
action. (Compl. ¶¶ 6, 48). It says it used a Shopify template to create its website, which explains
why the two companies' web pages have an overall similar look.  (Compl. ¶¶ 35–36). Bayam
avers that any photographs of jewelry on the website were either taken by a Bayam employee
(who put in an affidavit to that effect) or were provided by wholesale vendors of the jewelry
depicted. (Compl. ¶¶ 37–38).

Bayam claims that the takedown of its webpages has seriously harmed its sales. (Bayam
Decl. ¶¶ 40–41). It claims it has been forced to pay significant costs to fix the website outages
caused by the notices. (*Id.*). And Bayam is concerned that, as an account subject to multiple
DMCA takedown notices, Shopify may soon terminate Bayam's account, which would disable
all customer access to the website. (Bayam Decl. ¶¶ 27–28, 45–46).

Rather than bring this action against the Defendant in either of the two *ID Tech* suits, on
October 19, 2022, Plaintiff filed a new lawsuit alleging various claims against Defendant for
harms to its business as a result of the DMCA takedown notices. (Dkt. No. 1). The same day,
Plaintiff also filed an application for a temporary restraining order and preliminary injunction to
stop the Defendant from sending further DMCA takedown notices. (Appl. For Order to Show
Cause and TRO, Dkt. No. 5). The court denied Bayam's TRO request on October 20, 2022 and
scheduled an expedited preliminary injunction on November 7, 2022.

At the time of the hearing on the TRO application, plaintiffs showed the court two
copyright registrations but could not establish what copyrightable matter was covered by those
registrations, because it did not have a copy of what had been registered in the Copyright Office
back in 2019. The court ordered Defendant to procure and file the material that was the subject
of the two copyright registrations.

On November 2, 2022, ID Tech told the court that it had voluntarily dismissed *IDTech II*,
the copyright infringement action filed in connection with the DMCA notices that are the subject
of this action, and represented that it had notified Shopify that it was withdrawing its recently
filed DMCA takedown notices. This was necessitated by the fact that, once the material on file
with the Copyright Office was retrieved, it revealed that much of the material covered by the

DMCA notices -- including all of the web pages containing nameplate jewelry -- was not on file with the Copyright Office and so was not covered by the copyright registrations. The DMCA notices were, according to ID Tech's counsel, filed "in error;" in fact, ID Tech misrepresented to Shopify and to this court (both in the *ID Tech II* complaint and at the TRO hearing) that the web pages it had caused to be taken down infringed on ID Tech's copyrights.

At the abbreviated preliminary injunction hearing, which took place on Monday, November 7, 2022, as scheduled, counsel for ID Tech effectively conceded his client's misconduct (though he referred to it as a failure by a "young business" to put in place "proper procedures"). (Hearing Transcript ("Tr.") at 17:7–18:14). It turned out that no one – not ID Tech's employees, not its in house counsel and not its retained counsel – had bothered to check what was on file with the Copyright Office before filing a lawsuit and DMCA notices accusing Bayam of copyright infringement. (*Id.*) Outside counsel apologized but said he had been protecting his client's rights by filing without checking; actually, his clients had no rights to protect, and he violated Fed. R. Civ. P. 11 by failing to conduct an adequate investigation into what his client was telling him. (Tr. 16:15–17:10).

It is my understanding that Shopify has restored the pages that were covered by the improperly filed DMCA notices to its platform. Nonetheless, Bayam wants a preliminary injunction against the posting of further DMCA notices during the pendency of this lawsuit. It fears that ID Tech may pull the same stunt over the upcoming holiday season.

While Bayam has unquestionably established a likelihood of success in establishing that misrepresentations were made in connection with the filing of the previously filed DMCA notices – ID Tech confessed in open court that it had done so – it has at best earned the right to entry of a preliminary injunction covering the 123 products that were the subject of this lawsuit. The court is in no position to enjoin future filings that may (or may not) be meritorious; I cannot assume that, simply because ID Tech has violated the DMCA in connection with these particular takedown notices, it will violate the DMCA in connection with every future takedown notice, either because (as in this case) the material subject to the takedown notice was not in fact copyrighted or for some other reason. The only sort of injunction that this court could fashion would be an injunction directing ID Tech not to post any DMCA notices relating to materials for which it lacks a registered copyright – but that would really just be an order directing ID Tech not to do anything that fails to comport with the letter of the law (a requirement to which it is already subject).

Defendant's attorney represented during the hearing that no injunction was necessary, because the principals of ID Tech, Nison Kaykov and Arthur Ilyayev, would represent to the court that no further DMCA takedown notices would be posted. And indeed, on November 8, 2022, a court holiday, Messers Kaykov and Ilyayev filed an affidavit "memorializing" the representations made by their attorney during the preliminary injunction hearing that ID Tech (doing business as Frost NYC) would not, during the pendency of this lawsuit, file any further DMCA takedown notices against Bayam's "nameplate line of jewelry." (Affidavit of ID Tech LLC d/b/a Frost NYC, Dkt. No. 23). The affidavit indicates Kaykov and Ilyayev understand that Frost NYC's representation would be incorporated into a court order – which would have the effect of an injunction. (Aff. of ID Tech LLC d/b/a Frost NYC at ¶ 2).

Nameplate jewelry is, of course, the subject of some of the takedown notices that occasioned the filing of this action and have since been withdrawn. However, some of the now-

withdrawn takedown notices covered other jewelry products (such as chains) that may not fall within the ambit of "nameplate line of jewelry." (Tr. 22:10–15).

At various times during the hearing I made statements about what representations I thought would be sufficient to avoid the entry of an injunction. I have the transcript and the letters from counsel pointing out the statements that I made that were favorable to their respective positions. (Dkt. Nos. 24–25). I agree that the representations made in the proposed affidavit of ID Tech's principals are insufficient as written. However, I was leery of Bayam's proposal for an open ended injunction at the time of the hearing (hence the statements quote in Defendant's letter), and since, for the reasons explained above, I would not enter an injunction as broad as the one Bayam seeks, I cannot require Defendant to make the broad representation Bayam requests. What I have come around to is that the principals of ID Tech must represent to the court that, for the duration of this lawsuit, they will not file take down notices relating to the products that are covered by this lawsuit or the lawsuit presently pending before Judge Figueredo (which, I believe, involves the same copyright registrations). I believe that covers the web pages advertising nameplate jewelry and a variety of chains, including the chains associated with the nameplate jewelry. If such a representation is filed with the court under oath by November 15, 2022, I will refrain from entering an injunction. If no such representation is filed, I will make abbreviated findings and fashion an appropriate injunction. In either event, there must be something ordered by this court that will allow me to hold the principals of ID Tech in contempt if they persist in the behavior that has led us to this point.

As directed at the hearing, counsel for ID Tech must supply Shopify with a copy of the transcript of the November 7 hearing – specifically those portions in which counsel confessed that his client did not have a registered copyright for the merchandise that was the subject of the takedown orders, and in which the court ruled that Bayam could not be labeled a "repeat offender" since it appeared that it was ID Tech that had "offended" Shopify by filing false DMCA notices. What Shopify chooses to do about continuing to do business to ID Tech is not the business of this court.

As discussed in our last hearing, what is left of this action is being referred to Magistrate Judge Figueredo for general pre-trial supervision. I am not consolidating the two actions; indeed, I have no power to do so, since Judge Figueredo is the assigned judge for all purposes in *ID Tech I*. I urge the parties to consent to her exercise of jurisdiction over this lawsuit as well (aside from the matter of the preliminary injunction motion, which I will decide if the matter if not obviated by an acceptable representation on Defendant's part). If the parties decide to proceed before Judge Figueredo for all purposes, they should file a consent pursuant to 28 U.S.C. § 636 and as soon as the preliminary injunction issue is put to rest I will hand the matter off. If the parties do not so consent, she will superintend this matter for all pretrial purposes, even as she continues as the only judge on *ID Tech I*.

If Judge Figueredo is the judge for all purposes in this matter, she should set a schedule for the filing of an amended complaint (if there is to be one) or a responsive pleading. If she is not so designated, I will set that schedule.

Dated: November 10, 2022

_____

U.S.D.J.

TO ALL PARTIES BY ECF